UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JAMES W. CRAWFORD,   )
            )
  Plaintiff,      )
            )
            )
v.           )   4:05-CV-29
            )   (JARVIS/GUYTON)
            )
JO ANNE B. BARNHART,   )
Commissioner of      )
Social Security,       )
            )
  Defendant.      )

## REPORT AND RECOMMENDATION

  This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for judgment on the pleadings [Doc. 17] and the defendant's motion for summary judgment. [Doc. 21]. Plaintiff James W. Crawford seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

  The ALJ made the following findings:

    1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability (20 C.F.R. § 416.920(b)).

    2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 416.920(c).

> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 416.927).
>
> 6. The claimant has the residual functional capacity described above in the decision (20 C.F.R. § 416.967).
>
> 7. The claimant is able to perform his past relevant work as a stock person, janitor, and dishwasher (20 C.F.R. § 416.965).
>
> 8. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 416.920(f)).

(Tr. 563).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. <u>Siterlet v. Secretary of Health and Human Services</u>, 823 F.2d 918, 920 (6th Cir. 1987); <u>Landsaw v. Secretary of Health and Human Services</u>, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. <u>See</u> <u>Crisp v. Secretary of Health and Human Services</u>, 790 F.2d 450, 453 n.4 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

On appeal, plaintiff argues that the ALJ erred in the weight assigned to the opinion of his treating physician, Dr. Craig, and erred by denying his due process rights and by displaying bias. First, plaintiff asserts that he has been under the treatment of Dr. Craig and other providers, such as Marcia[1] Vietor and David Smith at Highland Rim Mental Health Center/Centerstone, from April 1997 through October 2002, with the treatment records for a period of over five and one-half years showing a consistent and ongoing problem with depression. Plaintiff contends that the ALJ virtually ignores treating physician Dr. Craig without valid explanation, although he is a psychiatrist who has a long-term relationship with plaintiff and is in the best position to determine his restrictions for work activities. Also, he asserts that the only other provider who actually met him and spent a significant amount of time (over three hours) with him was Mr. Proffitt, a licensed psychological examiner, and Dr. Yarbrough, a licensed psychologist (Tr. 531-38), who determined that plaintiff would not be able to engage in substantial gainful activity. Therefore, plaintiff argues that the opinions of Dr. Craig and Mr. Proffitt are the appropriate ones to follow.

Related to the weight assigned Dr. Craig's opinion is plaintiff's argument that the ALJ violated his due process rights by not issuing a subpoena for Dr. McFerrin and that the ALJ was biased. Plaintiff notes that the ALJ sent him to Dr. McFerrin for a consultative examination. However, plaintiff and his wife provided affidavits stating that Dr. McFerrin only spent about fifteen minutes with him during the evaluation (Tr. 771-73), and when plaintiff's counsel

---

[1] The correct first name is Marsha. (Tr. 626).

submitted interrogatories to Dr. McFerrin, he refused to answer any interrogatories or give testimony to clarify the basis of his opinions and how long he spent with plaintiff. (Tr. 774-81). Thus, plaintiff maintains the ALJ should give Dr. McFerrin's opinion very little weight. Moreover, plaintiff contends that psychological expert Dr. Hark never treated him and that he based his opinions on his reading of the record, including Dr. McFerrin's report. Furthermore, plaintiff argues that the ALJ demonstrated bias because of several statements in the record. Specifically, plaintiff points to the ALJ's statement that his difficulties are connected with choosing to live in "Winchester, Tennessee, which is not exactly close to anything" (Tr. 831), which plaintiff argues is an example of the ALJ substituting his opinion for that of the treating physicians. In addition, plaintiff argues that the ALJ failed in his role as an independent fact finder by failing "to even consider the possibility that the uncontradicted affidavit of the claimant and his wife are accurate and the refusal by Dr. McFerrin to answer appropriate interrogatories is indicative of the fact that Dr. McFerrin truly only spent fifteen minutes with the claimant." (Tr. 878). Also, plaintiff points out that the ALJ erred in discussing the affidavits from him and his wife, stating that those types of affidavits are "most useful when a claimant points out inaccuracies in the report." (Tr. 886). Plaintiff maintains that the purpose of the affidavits was to highlight the facts, not opinions.

The Commissioner argues that the ALJ considered all the evidence in reaching his decision. First, she points out that treating physician Dr. Craig's opinion[2] that plaintiff was

---

[2] The opinion is signed by nurse practitioner David Smith, not Dr. Craig. (Tr. 542). However, the record contains an affidavit from Dr. Craig in which he states "that my nurse practitioner, David Smith, N.P., has authority to sign my name to medical documents and when he does so, it carries the same force and affect as if I signed the documents myself specifically." (Tr. 757).

4

unemployable due to major depression is not entitled to any weight because this is a determination reserved for the Commissioner. (Tr. 542, 558). Moreover, the Commissioner argues that Dr. Craig gave internally inconsistent opinions, noting that although he offered the opinion that plaintiff was disabled, he noted that plaintiff was "doing well" and that his medication "worked well." (Tr. 436, 514, 520, 522, 561). Also, the Commissioner explains that Dr. Craig offered little, if any, objective evidence to support his opinions, relying instead on reported subjective symptoms, and the Commissioner contends that the treatment records from Centerstone reveal that "most of their conversations are about his frustration with not getting disability. There's hardly any therapy going on in these sessions." (Tr. 895-96).

Next, although plaintiff asserts that "records show a consistent and ongoing problem with depression," the Commissioner insists that plaintiff failed to meet his burden of proving his condition was disabling. Specifically, she points out that Dr. Hark testified that there was no measure from any therapist or physician that plaintiff was in any way significantly impaired during treatment. (Tr. 896). Also, the Commissioner points out that consultative examiner Dr. Moulton found plaintiff was "psychiatrically capable at working at any job for which he is physically qualified and trained" (Tr. 218) and that state agency psychologists Drs. McRae and Gardner concluded plaintiff had a severe impairment that did not result in disabling limitations (Tr. 107-20, 128), noting that plaintiff could work away from the public and with a supervisor who would not inappropriately confront him. (Tr. 110). The Commissioner insists that the opinions of state agency medical personnel Drs. McRae and Gardner are consistent with the record as a whole (Tr. 560), including the clinical findings, treating source records, examining reports, medical expert testimony, and Dr. Hark's testimony that the medical evidence

5

consistently showed that plaintiff should avoid contact with the public. (Tr. 906).

With respect to plaintiff's arguments of a denial of due process and bias, the Commissioner points out that plaintiff has received many hearings, and at the 2004 hearing, plaintiff's counsel objected to the inclusion of consulting examiner Dr. McFerrin's opinion. (Tr. 880). Moreover, before the hearing, plaintiff's counsel had propounded interrogatories, and because he was displeased with Dr. McFerrin's responses, he requested that a subpoena be issued. (Tr. 784). However, the Commissioner insists that the ALJ considered plaintiff's counsel's request and discussed plaintiff's objection in his decision (Tr. 559-62), but found an insufficient basis to strike the report from the record because he determined that additional questioning of Dr. McFerrin was not necessary for the full and fair development of the record (Tr. 559-60, 879-83, 886-87, 902-03, 915-17), thereby concluding that the issuance of a subpoena to Dr. McFerrin was not necessary to reach a decision. Moreover, the Commissioner points out that the plaintiff did not challenge "the accuracy of the report, the accuracy of Plaintiff's statement recorded therein, or the accuracy of the underlying evidence upon which Dr. McFerrin relied." (Tr. 880-81). The Commissioner notes that Dr. McFerrin's report was given "some weight" consistent with the overall record (Tr. 562) and that medical expert Dr. Hark testified concerning the evidence, including Dr. McFerrin's report and that plaintiff's counsel had the opportunity to question medical expert Dr. Hark regarding not only Dr. McFerrin's report but also other medical evidence of record. (Tr. 870-918).

With respect to bias, the Commissioner argues that "[a]lthough Plaintiff broadly alleges the ALJ was biased, he provides no colorable showing of bias sufficient for the Court to remand or reverse," noting that the presumption is that the ALJ is unbiased and that plaintiff can

6

rebut this presumption by showing that the ALJ had a conflict of interest or by showing some other specific reason for disqualification. However, the Commissioner notes that plaintiff raises only minor issues in his allegation of bias, noting that plaintiff appears to challenge the ALJ's characterization of his life choices, rather than the ALJ's evaluation of the evidence. Also, the Commissioner notes that the plaintiff appears to believe that the ALJ's admission of Dr. McFerrin's report shows bias, but explains that because plaintiff did not raise the issue of bias to the agency when given the opportunity (Tr. 550-51), the Commissioner maintains that plaintiff apparently did not consider this an issue. In conclusion, the Commissioner argues that "[p]laintiff has failed to rebut the presumption that the ALJ exercised his decision-making with honesty and integrity, let alone prove that he acted with bias and deprived him of a fair hearing."

Plaintiff bears the ultimate burden of proof on the issue of disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (claimant bears the burden of showing he is disabled through Step 4 of the sequential evaluation process); Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir. 1984) ("A social security disability claimant bears the ultimate burden of proof on the issue of disability"); see 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"). Consequently, plaintiff bears the responsibility of not merely producing a diagnosis of an impairment, but of demonstrating correlative functional limitation. See 20 C.F.R. § 416.912(c); Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988) (plaintiff must establish the existence of a medically diagnosed mental impairment and must prove its severity and functional impact).

After careful review of the record, I find that plaintiff's arguments are without merit. With respect to the weight afforded Dr. Craig's opinion, I note that the ALJ is not bound

by any physician's assessment and may reject unsupported opinions. See Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988). The weight to be given any physician's opinion depends on the extent to which it is supported by medical data and other evidence of record. 20 C.F.R. § 416.927(d)(3). In this case, the ALJ observed that the treatment notes from Dr. Craig's office indicate that plaintiff's Global Assessment of Functioning ("GAF") scores were "60-65 on an ongoing basis," thereby indicating only "mild to moderate" symptoms (Tr. 558, 623, 624, 629, 647, 651, 654, 664,), which is in direct contrast to the medical assessment of severe restrictions provided by Dr. Craig's office. (Tr. 619-22, 758-61). Further, the opinion of nurse practitioner Smith in Dr. Craig's office, or even Dr. Craig himself, on the ultimate issue of disability is not entitled to any weight because that is a determination reserved for the Commissioner. (Tr. 542) 20 C.F.R. § 416.927(e)(1). Also, psychological expert Dr. Hark testified regarding the psychological evidence of record and also noted that plaintiff's GAF scores from Centerstone were in contrast to the GAF score of 40 found by consultative examiner Proffitt. (Tr. 537, 870-918). In light of the foregoing, I find no error in the ALJ's decision regarding the weight assigned the records from Dr. Craig's office or Mr. Proffitt's assessment.

With respect to bias and the denial of due process, the plaintiff has the burden of overcoming the presumption that the ALJ is not biased. See Schweiker v. McClure, 456 U.S. 188, 102 S. Ct. 1665 (1982). Although plaintiff objects to several statements by the ALJ, I find that these remarks clearly do not rise to the level of bias. With respect to due process, plaintiff has had several administrative hearings and thus, has had every opportunity to argue his case. (Tr. 798-946). Moreover, he had the opportunity to question psychological expert Dr. Hark regarding any of the record evidence, including Dr. McFerrin's report. (Tr. 870-918) Buxton v. Halter, 246 F.3d 762, 775 (6th Cir. 2001) (ALJ could rely on testimony of nonexamining

8

Case 4:05-cv-00029 Document 23 Filed 06/12/06 Page 8 of 10 PageID #: 9

medical experts to make sense of the record); see Crowe v. Harris, 489 F. Supp. 683, 689 (E.D. Tenn. 1980) (within the province of the ALJ to determine that the medical evidence is more consistent with the diagnosis of one physician over another); 20 C.F.R. § 416.927(f)(2)(iii) ("Administrative law judges may also ask for and consider opinions from medical experts on the nature and severity of your impairment(s) and on whether your impairment(s) equals the requirements of any impairment listed in appendix 1 to subpart P of part 404 of this chapter."). Although plaintiff objects to the inclusion of Dr. McFerrin's report, the ALJ noted that plaintiff did not object to specific findings by Dr. McFerrin, only the small amount of time, allegedly fifteen minutes, that he spent with him. (Tr. 559). The ALJ noted that "whether Dr. McFerrin obtained his data from a lengthy interview or testing of the claimant, or by reading the claimant's medical file, his findings are consistent with the other evidence of record, which is not contested by the claimant. Therefore, I place some weight on the findings contained in his report." (Tr. 561-62) (emphasis added). Thus, the ALJ clearly weighed the findings by Dr. McFerrin, along with the other evidence, including the opinion of psychological expert Dr. Hark, and did not find a subpoena for Dr. McFerrin's testimony warranted for full development of this case. (Tr. 556-62) Flatford v. Chater, 93 F.3d 1296, 1305 (6th Cir. 1996) (ALJ decides if issuance of subpoenas necessary for development of a case). Accordingly, I find no merit to plaintiff's due process argument.

Based upon the foregoing, I find that substantial evidence on the record as a whole supports the ALJ's decision that the plaintiff is not disabled. It is hereby

**RECOMMENDED**[3] that the plaintiff's motion for judgment on the pleadings [Doc. 17] be **DENIED** and that the defendant's motion for summary judgment [Doc. 21] be **GRANTED**.

                                        Respectfully submitted,

                                            s/H. Bruce Guyton
                                        United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).